# United States District Court for the District of South Carolina

RECEIVED
USDC CLERK COLUMBIA, SC
2025 OCT -3 PM 12: 15

Case # 2025CP4003068

## Michael A. McManus: Plaintiff
## Vs
## South Carolina Department of Motor Vehicles, It's Director & General Counsel

Re: Request for Federal Jurisdiction and Supervisory Intervention Due to Denial of Fair Hearing and Denial of Virtual Appearance in South Carolina Court of Common Pleas.

Case Number: 2025CP4003068
Honorable Thomas W. McGee, III

I hereby respectfully submit this motion to request the Court's assumption of jurisdiction and supervisory intervention concerning my civil matter previously dismissed with prejudice by the South Carolina Court of Common Pleas. I have included and enclosed the entire record for reference.

To: the Clerk of Court
I've included the $405.00 filing fee. If there's any issues please contact me.

**Background and Grounds**

I have represented myself pro se to the best of my ability, carefully studying applicable law and preparing informed, reasoned arguments to clearly communicate my positions. I have filed all motions and pleadings timely, which have been docketed and are part of the court record.

The clerk of court for the South Carolina Court of Common Pleas notified me that on September 2nd 2025 my filings were dismissed **with prejudice** without giving the petitioner (myself) a chance to participate in a fair hearing. The clerk of court subsequently notified me, the petitioner, by U.S. Mail. This is my response to the Court of Common Pleas ruling:

I am very humbly and respectfully asking the U.S. District Court of South Carolina to assume jurisdictional supervision based on the fact that my US constitutional rights were violated. I had previously requested to participate virtually in the hearing scheduled for 8/19/2025, due to the fact that I live out of state and have significant financial and transportation constraints. The trip is around 700 miles round trip, and it is legally unclear if I am even allowed to operate a motor vehicle in the state of South Carolina. In addition there is no level of testimony in this case that would require in-person testimony versus a virtual hearing. I was not even given the opportunity to present my personal finances to the courts, to prove my inability to physically appear at the scheduled hearing. The SC Court of Common Pleas held the hearing in-person anyway on 8/19/2025 without responding at all to my request. At the very least the court should have used its discretion via the clerk of court to allow me to provide timely documentation to prove that I am financially distressed. My wife is the only financial earner in the household. I was not even notified that they continued with the hearing in-person until after the fact. I was not afforded the opportunity to ask questions, to offer objections or to enter any additional documentary evidence that the court may deem just and proper, nor was I given the opportunity to present any evidence in the case orally and make clarification notes or properly argue my case. Also the court did not address the majority of the issues that I

raised in my motion of default judgement. I made an allegation that the attorney that was representing the state may not have the legal right to do so since it was not part of the office of the South Carolina Attorney General. To the best of my knowledge, the court did not investigate whether or not Attorney Lake Summers even has the right to represent the SCDMV as there is a legal procedure that has to be met in order for state agencies to retain outside legal counsel in any case in South Carolina. And in any case it needs to have intense court oversight and scrutiny.

I also requested summary judgement because the main complaint in this case has already been established by specific South Carolina case law, yet 90% of my complaint was not even addressed. The court seemed to read over it and I am alleging misconduct on behalf of the clerk of court, the SCDMV and the **Attorney General** to keep the plaintiff out of court by obstructing my ability to file papers with the clerk's office, by not conducting any investigation into whether Attorney Lake Summers was allowed to represent the defendants, decide on my request for special counsel, and respond to my request that all rulings be explained in writing. When the court accepted that they indeed had exclusive original jurisdiction, and issued any ruling on the case, they established that indeed I am not subject to the Administrative Law Judge located in the SCDMV, If I am not subject to the administrative law judge then i am not subject to any of the rules and regulations governing the administrative law process. It should be noted that the Court of Common Pleas did not claim they did not have jurisdiction over the matter, instead the court issued a rambling opinion that any reasonable person would have a difficult time comprehending. It should be noted that in the court's opinion, they never stated that they did not have original jurisdiction. Nor did they state anywhere in their response that I was bound to the Administrative Law. This drives home the point that every sentence of my filing needs to be addressed. It is my assertion, (and the honorable court can use their discretion to independently determine such) that I have been obstructed, blocked and discouraged at every turn by the clerk of court, potentially the SCDMV and the South Carolina Attorney General's Office. I am not asking the Honorable District court to weigh in on any of the merits of my case whatsoever. The petitioner understands that it is the

Court of Common Pleas responsibility. The petitioner only asks the Honorable District court to review the entirety of the record at its convenience and decide if I have been afforded a fair hearing and given due process and equal protection under the United States Constitution.

- **Civil cases:** Unless the court orders a longer period, the clerk of court must retain all admitted or identified exhibits for at least 60 days after the final judgment is entered.
- **Sealed documents (Rule 41.1):** For evidence ordered sealed by the court, the retention period would likely align with the case's final adjudication. Rule 41.1 establishes guidelines for sealing documents to protect private information but maintains the state's preference for open court proceedings.
- **In-camera review:** The nature of "in-camera" evidence means it is reviewed privately by a judge and is not part of the public record. Its retention is generally connected to the case's final resolution, after which the court will issue an order for its disposition. This could include being returned to the owner, destroyed, or unsealed.
- **Litigation and appeals:** If evidence is related to pending litigation or an appeal, it is retained until all appeals are exhausted and the case is fully adjudicated.
- **Official court order:** The ultimate fate of any evidence—especially that reviewed in-camera—is determined by a final order from the court. The clerk of court cannot dispose of evidence without a specific directive from a judge.

- **On March 30th 2025, I, Michael A. McManus filed a motion against the South Carolina Department of Motor Vehicles for fraudulently entering a 1995 DUI into the National Drivers Database. The clerk of court for**

Richland County of South Carolina, Jeanette W. McBride denied the filing and returned my filing fee of $150 and totally disregarded my filing as if she were a judge, although I stated a claim and all paperwork was properly notarized in accordance with South Carolina state law, and my claim was supported by all appropriate state case law.

- On April 22nd 2025 I filed an enhanced motion. I informed the clerk that the prior filings had become moot (I am including the original filing for historical record) because she had refused to accept them, gave the clerk a stern warning not to interfere with my future filings, because while the clerk of court does provide a very important function in the judicial process, they are in fact a record keeper and file clerk not a judge. They should confirm that my filing fee was enclosed and my filings were properly formatted and legible. And because of the stern warning, she accepted my filings and assigned me a case number. All parties were properly served and I provided proof of service in accordance with South Carolina State law to the clerk of court at the time of this filing. All documents were also properly notarized as required by South Carolina State law.
- The defendants had 30 days to respond to the summons in accordance with South Carolina State Law. The defendants, specifically the Attorney General for South Carolina (i.e. his office) retained private counsel without the knowledge of the plaintiff and to the best of the knowledge and understanding of the plaintiff, the court was not aware either. In the South Carolina law found in Title 1, Chapter 7 of S.C. Code Ann. Section 1-7-170, that if the office of the Attorney General

(any state agency) seeks private counsel for any proceeding they must gain approval from the South Carolina State Legislature.

- On May 29th 2025 I filed a motion for default judgment under rule 55 of South Carolina rules of procedure. Because no official notification had come from any state agency in this case. I checked my postal mail and my email regularly and would have responded immediately if any official or the defendants had sent communication.

- I then did a careful check of all emails I received of the email address I had provided to the court. I clicked on an email from a LAKE SUMMERS who claimed to represent the state in the above matter. Because I am a reasonable person, and acting as any reasonable person would when I became aware of this communication

- When I became aware of this communication, I immediately filed another motion on July 28th 2025. I formally withdrew my motion for default judgment because if the defendants had responded, I wished to answer. The initial email from Mr. Summers appeared to me to be an email scam prevalent in the southern United states regarding time share scams which prevented my response initially. After a closer examination of all my emails to be sure the state of South Carolina was not trying to pull a fast one, I then more closely examined Lake Summers email and became aware that it was ALLEGEDLY an official communication. At that point I got to work on a supplemental motion and immediately filed it.

- As stated above, on the date of July 28 2025 I did in fact file a supplemental motion. The motion was to withdraw default judgement for appointment of special counsel among NUMEROUS other requests to put the matter in its true and complete context. The court set the bar

so high that it essentially was a refusal of a reasonable hearing - and as a result VIOLATED THE UNITED STATES CONSTITUTION as it directly relates to my case. Specifically my due process of law and equal protection of the law.

- On September 9th I received an order by the U.S. Mail from the South Carolina Court of Common Pleas, specifically the Honorable Thomas W. McGee III, However. It should be noted the ruling was electronically filed on September 2nd 2025 and I did not receive electronic notification to the best of my belief, knowledge and understanding. I am filing this request within 30 days of the 9/02/2025 electronic filing.

I have included the whole detailed record for the honorable court's inspection. <u>All defendants have this exact record as served on them in accordance with South Carolina State Law. I am sending this letter to all of the defendants and clerk of court of Richland County South Carolina at this time as well, however they already have a complete record of the case paperwork/filings. I play by the rules.</u> The clerk of court (hopefully?) has a full copy of all the filings that I am providing to your honorable court. I am sure the honorable federal court knows the laws in this type of issue and my full faith is now in the hands of your court. I have no faith in the Court of Common Pleas in Richland County because they have put up as many road blocks that they could put up to prevent me from having my day in court. My arguments are iron-clad, backed up by the letter of the South Carolina State law. This may potentially expose corruption at the highest levels due to the millions of dollars that are generated for the SCDMV as a result of fraudulently reporting out-of-state drivers to the National Drivers Database. Ultimately that will be a matter to be decided by a United States Attorney, not myself. However, I can prove based on the law that they have fraudulently

entered me for a 1995 DUI into the National Drivers Database, and doubled down when they became aware. That in of itself is a crime, to fraudulently report to a Federal Database of any kind either knowingly or not.

- All I seek is my day in court as prescribed by law. I allege that Judge McGee has violated my constitutional rights by denying me a fair hearing based on the law where I could have made any points clear, raised objections and formulated clear articulate arguments to support my claim. This is an outright flagrant violation of my United States Constitutional rights and I ask that this court take the supervisory jurisdiction, send this case back to Judge McGee's court with instructions to allow me to have my hearing ie: my day in court as prescribed by law. If and when that occurs, if I disagree with Judge McGee's ruling, there are state mechanisms in place to address that at the appellate division if it becomes necessary. However, until all of the details are heard at the court of common pleas level, the record is incomplete and will remain incomplete until such hearing is conducted and heard in the court of common pleas.

- It should be noted that while I do live below the poverty level in the state of Florida, I have not asked for any waiver of court costs due to my inability to pay. I have gone without other necessities in order to litigate this matter. I allege that I shouldn't have to pay

**even $10 to litigate this matter as the State of South Carolina should have followed its own state laws and clear instructions from its own Supreme Court. It should also be noted that the plaintiff alleges that the reason why the SCDMV and Attorney General retained their own special counsel is because they cannot represent themselves - they have already represented themselves in a mirror case exactly like mine, in which they lost in the SC Supreme Court where they received clear instructions. They ignored these instructions. I ask the court to review the record in its entirety and in detail and agree to take jurisdiction, oversee the court of common pleas to ensure there will be no further interference by the clerk of court, ensure that the court of common pleas allows me a fair hearing so i can raise points, present evidence, and support my claim in its entirety and have all my arguments placed on the record for the South Carolina Appellate Court for review if necessary.**

Although the state court acknowledges my motion to withdraw the default judgment, this is only one of approximately a dozen substantive arguments and requests that I have made through my filings. These additional points, which the court ignored, would have had a significant impact on the case outcome had they been properly considered.

In 2025, the South Carolina Supreme Court issued a directive to all state courts, including Courts of Common Pleas, instructing them to facilitate and encourage mobile remote participation by parties—especially where no live witness testimony is required, and the hearing primarily involves arguments between counsel or parties. This directive

underscores the necessity of equitable access and affirms that remote hearings are a valid and necessary accommodation when physical attendance imposes undue hardship. The South Carolina Supreme Court has established Administrative Rule 52, which generally allows for most court proceedings to be conducted remotely using "reliable electronic means".

Despite this directive, the Court ordered my in-person appearance in Columbia, South Carolina, for a hearing involving no live witness testimony beyond representations of counsel and parties and court officials. My timely request and willingness to appear virtually were denied **without explanation**, contrary to the 2025 directive.

I reside over 350 miles from the court, in Astor, Florida, facing an approximately 700-mile round trip, and I am financially unable to bear travel costs. I live below the poverty line, with my wife as the primary breadwinner and myself working side jobs to subsist.

Compounding this hardship, the South Carolina Department of Motor Vehicles fraudulently entered me into the national driver's database, relying on a 30-year-old DUI conviction. This is in violation of South Carolina law, which limits South Carolina Department of Motor Vehicle review of such convictions to a ten year period. Due to this fraudulent entry, I have been effectively barred from legally operating a vehicle in South Carolina (Any reasonable person would believe that under the current circumstances that they cannot drive in South Carolina) I can legally operate a vehicle in 49 states but it is in question as to whether or not I can do so in South Carolina. Any reasonable person would be hesitant to do so. I cannot obtain endorsements necessary for commercial employment and or renew my Florida Driver's License because of this fraudulent entry to the National Driver's Database. The court never informed me or authorized me to travel to South Carolina to attend the hearing, and/or authorized me to drive in South Carolina which is my only legitimate means of transportation.

I timely submitted a motion seeking virtual participation, appointment of special counsel, withdrawal of default judgment, and raising allegations against state officials and the Attorney General's office for fraud and misconduct, all of which the court disregarded.

I was completely denied any opportunity to participate physically or virtually. My case was summarily dismissed with prejudice without any consideration of my arguments, violations of constitutional due process, and equal protection rights.

I directly challenge any assertion that I failed to state a valid claim. I have alleged unlawful conduct by the South Carolina DMV and Attorney General's office involving fraudulent entries, hiring of private counsel, and abuse of procedural rules to prevent my access to justice. These claims raise serious and potentially criminal concerns that the court has twisted procedural tools to suppress.

## Request for Relief

For the foregoing reasons, I respectfully request that this Court:

Review the full record of state court filings and proceedings to determine whether my federal constitutional rights to a fair hearing, due process, and equal protection were violated by the denial of a hearing via virtual participation.

If the Court finds violations, exercise supervisory jurisdiction over the matter and order appropriate relief, including a new hearing to fully consider all timely arguments and claims, and permit my meaningful participation.

## Conclusion

I have endeavored to represent myself diligently and timely in all matters, yet the court's dismissal of my **Pro Se** case without any opportunity to be heard contravenes fundamental rights guaranteed by the Constitution and exacerbates extraordinary personal hardships. This Court's supervision and intervention are necessary to ensure justice.

Thank you for your consideration.

The Petitioner, Michael A. McManus, swears under penalty of perjury that the information provided is true and correct. The plaintiff fully understands the implications of making any false statements to a US District Court of Law. (under 28 U.S.C. § 1746)

Respectfully Submitted,

*Michael McManus*

Michael A. McManus
1520 FL 40
Lot 6
Astor FL 32102
Ph: (352) 801-1846

Parties Served by U.S. Postal Service on 9-30-2025

1. U.S. District Court.
2. Clerk of Court Richland, Co, S.C.
3. S.C. office of the Attorney General.
4. S.C. DMV General Counsel.
5. Attorney Lake Summers.

\* Tracking numbers and return receipts can be provided to prove Service.