IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael A. McManus, | C/A No.: 3:25-cv-12808-SAL |
| Plaintiff, | |
| v. | |
| | **ORDER** |
| South Carolina Department of Motor Vehicles and its Director And General Counsel, | |
| Defendants. | |

Michael A. McManus ("Plaintiff"), proceeding pro se and in forma pauperis, filed this civil rights action against the South Carolina Department of Motor Vehicles ("SCDMV") and its Director and General Counsel ("Defendants"). The matter is now before the court on the Report and Recommendation (the "Report") of United States Magistrate Judge Shiva V. Hodges made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending this case be summarily dismissed. [ECF No. 15.] Plaintiff objects. [ECF Nos. 18, 20.] This matter is ripe for review. For the reasons that follow, this court adopts the Report and summarily dismisses the action.

## BACKGROUND

Plaintiff filed this action requesting that the court assume jurisdiction over a state court civil case he filed against the SCDMV related to that agency's entry of his 1995 DUI into the National Drivers Database. [ECF No. 1.] According to Plaintiff's filings, the state court dismissed that case with prejudice in September 2025. *Id.* He further alleges that, before the dismissal, the state court denied his request to virtually attend a hearing in that case rather than in person. *Id.* Plaintiff asserts that his financial circumstances warranted virtual participation. *Id.* And he

1

specifically asks this court to "review the full record of state court filings and proceedings" and to decide whether his "constitutional rights to a fair hearing, due process, and equal protection were violated by the denial of a hearing via virtual participation." *Id*. at 12.

The magistrate judge assigned to this case issued an order and notice, advising Plaintiff of the deficiencies in his complaint and allowing him to remedy those with an amended complaint. [ECF No. 7.] In Plaintiff's amended complaint, he states that he has provided the complete record of his civil case in state court as needed for this court's review. [ECF No. 13 at 2, 10–11.] He also poses the following questions for this court:

1.    Does the District Court have jurisdiction to review South Carolina State court action within that district's jurisdiction, ie District, and is it obvious that the plaintiff was not afforded a fair hearing, and if he had been afforded a fair hearing, would plaintiff have at least a 51% + chance of being successful in his case.

2.    Exactly what statute or State of South Carolina Supreme Court carve-out could the state potentially rely upon to attempt to justify their actions in entering plaintiff's name into the National Drivers Database fraudulently for a 30 year old DUI that occurred in 1995, ignoring the 10 year DMV look-back period. If such a South Carolina state statute or carve-out exists, why has the state of South Carolina not presented that Statute in any of their filings or responses to the plaintiff.

*Id.* at 2 (errors in original).

Thereafter, the magistrate judge issued the Report recommending summary dismissal of this case. [ECF No. 15.]

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023)

2

(citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.* To trigger *de novo* review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* But a party must do more than state, "I object." *Id.*

Because Plaintiff is proceeding pro se, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**DISCUSSION**

The court incorporates the relevant factual background and legal standards from the Report. As explained there, Plaintiff's claim must be dismissed under the *Rooker-Feldman* doctrine, as this court has no jurisdiction to interfere with or overturn state court decisions. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (holding that a federal district court lacks authority to review final determinations of state or local courts). This doctrine applies both to issues decided by a state court but also those constitutional claims "inextricably intertwined with questions ruled upon by a state court." *Plyer v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). A constitutional claim is considered to be intertwined if success on the constitutional claim depends on a determination that the state court's decision was wrong. *Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 857–58 (4th Cir. 2001). Because this court is not authorized to review or overturn state court decisions, this court is without jurisdiction over this matter.

In his objection, Plaintiff claims that his constitutional right to a meaningful hearing was violated when the state court required in-person attendance. [ECF No. 18 at 1.] But Plaintiff's pleadings reflect that it is his primary goal to invalidate the state court's dismissal of his case and for this court to assume jurisdiction over that matter.[1] This is precisely the type of claim barred by

---

[1] For instance, Plaintiff filed this action against the SCDMV and its director and general counsel and expressly asked the court to take over the state case. *See* ECF No. 1 at 2 ("I am very humbly and respectfully asking the U.S. District Court of South Carolina to assume jurisdictional supervision based on the fact that my US constitutional rights were violated."), 11 ("If the Court finds violations, exercise supervisory jurisdiction over the matter and order appropriate relief, including a new hearing to fully consider all timely arguments and claims, and permit my meaningful participation."). And while much of his objections focus on 42 U.S.C. § 1983, in his amended complaint, he repeatedly disclaims reliance on § 1983, stating that he would "get to that later." [ECF No. 13 at 10.] He seemingly reaffirms that position in his motion seeking a ruling on his request for this court's intervention. *See* ECF No. 20 at 7–8. Accordingly, the arguments

the *Rooker-Feldman* doctrine. *See Skinner v. Switzer*, 562 U.S. 521, 531 (2011) (explaining cases barred by *Rooker-Feldman* "fit this pattern: The losing party in state court filed suit in a U.S. District Court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking federal-court review and rejection of that judgment. Alleging federal-question jurisdiction, the plaintiffs in *Rooker* and *Feldman* asked the District Court to overturn the injurious state-court judgment").

Under de novo review, the court agrees with the analysis of the magistrate judges, overrules Plaintiff's objections, and adopts the reasoning in the Report.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections are overruled, and the magistrate judge's report, ECF No. 15, is **ADOPTED** in its entirety, and this case is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. Based on this dismissal, the court **TERMINATES AS MOOT** Plaintiff's motion for entry of an order, ECF No. 20.

**IT IS SO ORDERED.**

*Sherri A. Lydon*

April 21, 2026                                          Sherri A. Lydon
Columbia, South Carolina                         United States District Judge

---

Plaintiff makes in his objections are inconsistent with the allegations set forth in his amended complaint.

5